IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dwayne Foster, | ) | Case No. 3:08cv435 |
| | ) | |
| Plaintiff, | ) | Judge Patricia A. Gaughan |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION OF |
| | ) | MAGISTRATE JUDGE |
| Jesse Williams, Warden, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |

*Introduction*

Petitioner Dwayne Foster was convicted pursuant to a plea agreement on two counts of drug trafficking with a major drug offender specification in the Woods County Court of Common Pleas. The trial court sentenced Foster to 12 years in prison as recommended in the plea agreement. After exhausting his state court appeals, Foster, proceeding *pro se*, seeks habeas corpus relief from his sentence under 28 U.S.C. §2254. Foster complains that the court sentenced him to two years above the statutory maximum based on impermissible judicial fact-finding, that as a first offender he should have been sentenced to the statutory minimum and that the court imposed a sentence greater than the statutory maximum without making the required findings. Respondent counters that Foster's petition is untimely, that he waived consideration of his claims on collateral review by agreeing to his sentence, and that his claims are procedurally defaulted. Respondent also contends that Foster's grounds are meritless. For the reasons set forth herein, the undersigned recommends that the Court deny the writ because Foster's grounds are procedurally defaulted and he has not established prejudice to excuse the procedural default.

*Procedural History*

*Foster Pleads Guilty*

On May 4, 2005, Foster entered a plea of guilty in the common pleas court to one count of trafficking in cocaine with a major drug offender ("MDO") specification, a violation of R.C. 2925.03(A)(1), (C)(4)(g) and a felony of the first degree, and one count of trafficking in cocaine, unspecified, a violation of R.C. 2925.03(A)(1), (C)(4)(g) and a felony of the first degree.  In exchange for Foster's plea, the state moved to amend the indictment to dismiss a major drug offender ("MDO") specification for the second count of trafficking in cocaine, and to dismiss a third count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32(A)(1) and a felony of the first degree.

The trial court accepted Foster's plea and entered a conviction. [1]  Pursuant to agreement, the state recommended a sentence for both offenses totaling 12 years incarceration and recommended mandatory fines and suspension of Foster's license for each count.

For Count 1, trafficking in cocaine with an MDO specification, the trial court sentenced Foster to a term of two years plus a mandatory term of ten years consecutive incarceration for the MDO specification and suspension of Foster's driver's license for three years.  For Count 2, Foster was sentenced to a term of nine years incarceration and his driver's license was suspended for three years. The terms for both counts were ordered to run concurrently for a total term of 12 years incarceration.

---

[1] The trial court's sentence was memorialized in a journal entry dated May 10, 2005.  On June 9, 2005, a nunc pro tunc entry was filed to correct a clerical error on page 2 relating to Foster's sentence.

-2-

*Delayed Appeal of Sentence Under Ohio R.App.P. 5(A)*

On February 16, 2006, Foster filed a *pro se* notice of appeal and a motion for leave to file a delayed appeal in the Sixth District Court of Appeals, Wood County Ohio. (Exhibits 7 and 8). [2] On March 22, 2006, the Court of Appeals granted Foster's motion and appointed counsel. (Exhibit 9). On August 14, 2006, appointed counsel for Foster filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) in which he also moved to withdraw as counsel. *Anders* requires an attorney attempting to withdraw because he believes an appeal is frivolous to seek permission to withdraw from the court and to file a brief directing the court to anything in the record that might support the appeal. In his *Anders* brief, appointed counsel did so and argued that the major drug offender sentence enhancement Foster received required impermissible judicial factfinding in violation of the Sixth Amendment as stated in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006). [3] Appointed counsel raised the following potential assignment of error:

> 1. Appellant's sentence is contrary to law in that it is unconstitutional and in violation of the Sixth Amendment to the United States Constitution. (Exhibit 11).

Foster moved to strike counsel's *Anders* brief and requested leave to file his own pro se brief. (Ex. 13). In his motion, Foster raised the following assignments of error:

> 1. The appellant's sentence is contrary to law and is unconstitutional and a violation of the Sixth Amendment to the United States Constitution.
>
> 2. The trial counsel was ineffective in failing to raise or preserve an objection to this sentence. (Exhibit 13).

The Court of Appeals denied Foster's motions for appointment of new counsel and to

---

[2] All exhibits refer to the exhibits attached to respondent's return of writ.

[3] The Ohio Supreme Court case *State v. Foster* involved an appellant named Andrew Foster, as distinguished from petitioner Dwayne Foster in this matter.

strike counsel's *Anders* brief.  However, the appellate court stated it would consider Foster's *pro se* arguments. (Exhibit 14).

On March 30, 2007, the court of appeals affirmed the judgment of the trial court. *State v. Foster*, 2007 WL 949769, *2 (Wood Cty App. Mar. 30, 2007).  The appellate court rejected Foster's sentencing claim because the trial court did not make any factual findings:

> Appellant was convicted of violating R.C. 2925.03(A)(1) and R.C. 2925.03(C)(4)(g), which provide:
>
> "(A) No person shall knowingly* * *
>
> "(1) Sell or offer to sell a controlled substance;
> " * * *
> "If the amount of the drug involved equals or exceeds one thousand grams of cocaine that is not crack cocaine or equals or exceeds one hundred grams of crack cocaine and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree and may impose an additional mandatory prison term prescribed for a major drug offender under division (D)(3)(b) of section 2929.14 of the Revised Code." R.C. 2925.03(C)(4)(g).
>
> Appellant argues that his sentence is contrary to law because the MDO specification required judicial fact-findings in violation of the Sixth Amendment as stated in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.[4]  With respect to

---

[4] On February 27, 2006, the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006 - Ohio - 856 (2006), cert. denied - U.S. -, 127 S.Ct. 442, 166 L.Ed.2d 314 (2006), evaluated the state's sentencing scheme in light of the holdings of the U.S. Supreme Court in *Apprendi*, *Blakely*, and *United States v. Booker* (discussed *infra*), and determined that Ohio's felony, sentencing plan is a "hybrid" of determinate and indeterminate sentencing, (*Foster*, 109 Ohio St.3d at 12), and, the court severed the determinate aspects of the system. *Id.* at 17.  Following the lead of state supreme court decisions in Indiana and New Jersey, (*Foster*, 109 Ohio St.3d at 27 n.98), the Ohio Supreme Court eviscerated § 2929.14(B)'s presumption in favor of a minimum term for offenders who had not served time in prison, and severed §2929.14(E)'s judicial fact-finding requirements prior to imposing consecutive sentences. *Id.* at 20.  The Ohio Supreme Court struck down the statutory requirements that permitted judges to

MDO specifications, *Foster* held:

> "For the major drug offender, R.C. 2929.14(D)(3)(a) requires that a ten-year term be imposed, and that term cannot be reduced. The determination that a defendant is a major drug offender is dependent upon the amount of the controlled substance. Subsection (b), however, provides: ' The court * * * may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years, if the court, with respect to the term imposed under division (D)(3)(a) of this section and, if applicable, divisions (D)(1) and (2) of this section, makes both of the findings set forth in divisions (D)(2)(b)(i) and (ii) of this section.' (Emphasis added.)
>
> "As with R.C. 2929.14(D)(2)(b), R.C. 2929.14(D)(3)(b) cannot withstand a *Blakely* challenge, because judicial fact-finding is required, and a court may not add the additional penalties based solely on the jury's verdict." *State v. Foster*, 2006-Ohio-856, ¶ 79-80.

The *Foster* decision found the severance remedy of *Booker* to be most appropriate, and severed R.C. 2929.14(D)(3)(b). ¶ 99. "After the severance, judicial fact-finding is not required before imposition of additional penalties for repeat-violent-offender and major-drug-offender specifications." *Id.*

Thus, before *Foster*, the trial court would have been required to impose a mandatory ten year term of incarceration for the felony of the first degree and make judicial findings pursuant to R.C. 2929.14(D)(3)(b) in order to impose an additional term of incarceration for the MDO specification. Here, the trial court imposed the mandatory ten year term and ordered an additional consecutive two year term. However, the trial court did not make either of the findings required at the time by R.C. 2929.14(D)(3)(b) which *Foster* subsequently prohibited. Since no judicial findings supported the additional two year term for Count 1, appellant's sentence does not run afoul of *Foster*. *See Foster*, 2006-Ohio-856, ¶ 81.

*State v. Foster*, 2007 WL 949769, *2 (Wood Cty. App. Mar. 30, 2007).

Noting that in the instant case, the sentence was agreed upon by the parties and

---

impose heightened sentences only after engaging in additional fact-finding found unconstitutional in *Blakely*. *Foster*, at 19-20, 25.

authorized by law after the *Foster* decision, the appellate court further found that the sentence was not subject to appellate review under Ohio Rev. Code § 2953.08(D). *Id.*  The appeals court also rejected Foster's ineffective assistance of trial counsel claim.  *Id.* at *3

### *Ohio Supreme Court Denies Motion for Leave to File Delayed Appeal*

On July 16, 2007, Foster, *pro se*, filed a notice of appeal and a motion for delayed appeal in the Supreme Court of Ohio. (Exhibits 18 and 19).  Foster had apparently attempted to file an appeal with the Ohio Supreme Court, but the clerk rejected his appeal as untimely filed.  Foster blames his untimely filing on his appointed appellate's counsel's failure to provide him with the appellate court's decision for several weeks, frequent closings of the prison's law library, and the prison mailroom's failure to promptly mail his completed appeal.  (*Id.*). On August 29, 2007, the Ohio Supreme Court summarily denied Foster's motion for delayed appeal. (Exhibit 20, Case No. 2007-1276).

### *Habeas Petition*

On February 15, 2008, Foster filed a petition for the writ of habeas corpus under 28 U.S.C. §2254 in which he offered the following grounds for relief and supporting facts:

> GROUND ONE: Enhancement used by trial court to sentence petitioner to more than the statutory maximum was contrary to law and in violation of the Sixth Amendment of the U.S. Constitution.
>
> Supporting Facts: Petitioner was sentenced to 12 years, two (2) more than the statutory maximum using a "major drug offender" sentencing enhancement based upon facts the judge alone determined. This sentence and subsequent appeal occurred at a time when the Supreme Court expressly disallowed such sentences.

> GROUND TWO: Trial court sentenced petitioner, a first time offender, to more than the minimum sentence which was relevant "statutory maximum." This sentence was in violation of the Sixth Amendment to the U.S. Constitution.
>
> Supporting Facts: Petitioner was first time offender. Trial court sentenced him to more than the minimum, the "statutory maximum" in the instant case, based upon facts which the judge alone determined. This sentence was in violation of the Sixth Amendment to the U.S. Constitution.
>
> GROUND THREE: Trial court lacked statutory authority to impose sentence on petitioner in violation of the Fourteenth Amendment of the United States Constitution.
>
> Supporting Facts: Trial court imposed a sentence over the statutory maximum without making the findings required to do so. This fact was recognized by the Sixth District Court of Appeals in their decision. The findings are required by State law.

Respondent argues that Foster's habeas petition is untimely under the AEDPA's one year statute of limitations. Respondent alternatively argues that Foster's claims are waived, procedurally defaulted, and fail on the merits.

*Timeliness*

Respondent argues for dismissal contending that Foster's petition dated February 15, 2008[5] is untimely filed under 28 U.S.C. §2244(d). [6] The burden for this argument falls upon

---

[5] February 15, 2008 serves as the filing date under the prison "mailbox rule" from *Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). A *pro se* petition is treated as having been filed on the date certified it was placed in the prison mailing system, which approximates the date the petition was surrendered to prison authorities for mailing. See *Miller v. Collins*, 305 F.3d 491, 497-498 & n. 8 (6th Cir. 2002). Decisions from the Sixth Circuit have accepted a signature date on the habeas petition as evidence when it was delivered to prison authorities. E.g., *Wampler v. Mills*, 60 Fed. Appx. 594, 596 (6th Cir. Apr. 2, 2003); *Goins v. Saunders*, 2006 WL 3334947 *1 n. 1 (6th Cir. Nov. 15, 2006).

[6] 28 U.S.C. §2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period

respondent. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Respondent maintains that Foster's May 10, 2005 conviction became "final" for purposes of §2244(d)(1)(A) following expiration of the 30-day appeal period on June 9, 2005 and began running on June 10, 2005. *See DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006) (statute begins to run with expiration of Ohio R. App. P 4(A)'s time to appeal); *Bronaugh v. Ohio*, 235 F.3d 280, 282 (6th Cir. 2000) (court applies Fed. R. Civ. P. 6(a) in computing time). The "1-year period of limitation"under §2244(d)(1)(A) then ran for 251 days until February 16, 2006 when Foster filed a motion for delayed appeal under Ohio R. App. P. 5(A). According to respondent, the limitations period was tolled until March 30, 2007, when the Ohio Court of Appeals affirmed the judgment. The statute then resumed running for 108 days until it was again tolled by Foster's July 16, 2007 motion for delayed appeal to the Ohio Supreme Court. The statute was tolled until August 29, 2007 when the Ohio Supreme Court denied Foster's motion for delayed appeal. Respondent contends the statute ran for six days and then expired on September 4, 2007, thus making his February 15,

---

shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2008 habeas petition over five months late.

Respondent's computation is based on the Sixth Circuit pronouncement that delayed appeals are post-conviction matters for purposes of §2244(d)(2) and merely toll the running of the 1-year period of limitation rather than commence it.  *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006).  *See also Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001).  In other words, the Sixth Circuit had held that  motions for delayed appeal in Ohio's courts may toll the statute of limitations under 28 U.S.C. §2244(d)(2) but are not part of the direct appeal process for purposes of 28 U.S.C.  §2244(d)(1).

The state courts though, did not share this view.  The Ohio Supreme Court has determined that "[a] delayed appeal granted pursuant to App. R. 5 is treated the same as a direct appeal under App. R. 4(A), and the case proceeds as if it has been timely filed." *State v. Silsby*, 119 Ohio  St. 3d 370, 373, 894 N.E.2d 667, 670, 2008-Ohio-3834 (2008).  The United States Supreme Court has recently weighed in on this issue and held where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of 28 U.S.C.A. § 2244(d)(1)(A). *See Jimenez v. Quarterman*, --- U.S. ----, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009).  In such a case, the judgment becomes final upon the conclusion of the out-of-time direct appeal or the expiration of the time for seeking review of that appeal.  Under the *Jimenez* construction of §2244(d), then, the statute of limitations for ADEPA purposes in Foster's case did not begin to run until May 15, 2007, 45 days after the court of appeals affirmed his sentence.  Even without accounting for the tolling from July 16, 2007 through August 29, 2007 during the Ohio Supreme Court's consideration and ultimate denial of Foster's

motion for leave to file a delayed appeal, Foster's habeas petition, filed on February 21, 2008 was filed within one year after his conviction became final on May 14, 2008. Respondent's timeliness argument has been overruled by the Supreme Court in *Jimmenez*.

### *Procedural Default*

Respondent's second argument is that Foster's grounds for relief are barred by procedural default in state court.[7] Specifically, respondent asserts that Foster did not present his second and third grounds to the appellate court and that the court of appeals rejected Foster's first ground for relief based upon O.R.C. §2953.08(D), which respondent contends is an adequate and independent state ground which forecloses habeas review.

Respondent is correct that Foster's grounds for relief are procedurally defaulted, but for an even more apparent reason than respondent argued. There is a lack of fair presentation of all grounds due to Foster's failure to timely appeal to the Ohio Supreme Court. Federal review is barred due to the Ohio Supreme Court's rejection of Foster's application for delayed appeal. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), *cert. denied*, 543 U.S. 989 (2004) and Ohio S.Ct. Prac. R. II §2(A)(4)(a). Under the state procedural mechanism, the Ohio Supreme Court

---

[7] Respondent briefly also argues that Foster has waived consideration of his claims on collateral review by agreeing to his sentence. Respondent does not cite any Sixth Circuit authority for this proposition. But this waiver argument is simply another component of procedural default.

has jurisdiction over timely appeals which are exercised within 45 days of entry of the state appellate court's decision. *See* Ohio S.Ct Prac.R. II §2(A)(1). The Ohio Supreme Court may, however, in its discretion take jurisdiction over untimely felony appeals upon motion for leave to file a delayed appeal pursuant to Ohio S.Ct.Prac.R. II §2(A)(4)(a). The Sixth Circuit held in *Bonilla v. Hurley,* that the unexplained state court decision denying leave to file an untimely appeal to the Ohio Supreme Court is assumed to enforce any applicable procedural bar, and as a result, denial of an Ohio S.Ct. Prac. R. II §2(A)(4)(a) motion for leave to file delayed appeal is not a ruling on any claim included with the motion for leave. *See Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dept. of Rehab and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006). Consequently, the Ohio Supreme Court's ruling to deny an untimely appeal is a procedural ruling based on the untimeliness of the appeal request, which is both actually enforced and is an adequate and independent state ground which can foreclose federal habeas review consistent with *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (setting for the test for procedural default). *See Smith v. State of Ohio, Dept. of Rehabilitation and Correction*, 463 F.3d 426, 431-32 (6th Cir. 2006); and see *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

     Foster's failure to follow state court procedure is not simply a matter of the lack of "fair presentation" but is also a concern of federal comity. The bar against federal review of procedurally defaulted claims in the state courts serves to protect the integrity of the federal exhaustion rule "by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state court's having had the opportunity to correct the constitutional

violation in the first instance."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732; *see also Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); and *Edwards v. Carpenter*, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000) (discussing the "inseparability" and "interplay" of the exhaustion rule and the procedural-fault doctrine in giving state courts a fair opportunity to pass upon petitioner's claims).  Thus, the Ohio Supreme Court's denial of Foster's motion for leave to file a delayed appeal renders his habeas petition procedurally defaulted under *Bonilla*.

### *Foster had "Cause" to Excuse the Procedural Default:*

Generally, "[w]hen a 'state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice ... or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Bonilla v. Hurley*, 370 F.3d at 497, quoting *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); and see *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000); *House v. Bell*, 547 U.S. 518, 536, 126 S.Ct. 2064, 2076, 165 L.Ed.1 (2006);  *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1971).

"Cause" is a legitimate excuse for the default and "prejudice" is the actual harm resulting from the alleged constitutional violation. *Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir. 2002). To establish "cause" a petitioner must present a substantial reason based on "some

objective factor external to the defense." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) ; *Strickler v. Greene*, 527 U.S. 263, 283 n. 24, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

As mentioned earlier, Foster's attempt to timely appeal to the Ohio Supreme Court was apparently rejected because it was four days late. (Respondent's Ex. 10).  He blamed the prison mail room for causing him to miss the original filing deadline. (*Id.*, Affidavit attached to Delayed Notice of Appeal). This suffices to establish  prison mail room delay, an external factor which caused untimely filing, and this constitutes "cause." See *Maples v. Stegall,*  340 F.3d 433, 439 (6th Cir. 2003).

### *Foster cannot show "prejudice" or actual innocence to excuse the procedural default:*

In order to reach the merits of the defaulted grounds, Foster must additionally demonstrate prejudice.  He cannot do so.  First, his sentence was imposed under a joint plea agreement governed by Ohio Rev. Code §2953.08(D).  State law prohibits an appeal of a sentence imposed pursuant to a joint recommendation.  *See State v. Porterfield*, 106 Ohio St.3d 5, 10, 829 N.E.2d 690, 694 (Ohio 2005) ("The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate.").

Moreover, the trial court's imposition of a jointly-recommended sentence pursuant to a plea bargain does not run afoul of constitutional principles.  In *Apprendi* v. *New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the United States Supreme Court held that

"other than the fact of a prior conviction, any fact that increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In *Blakely Washington*, 542 U.S. 296, 303-304, 124 S.Ct. 2531, 159 L.Ed. 403 (2004), the Court clarified that for *Apprendi* purposes, the "maximum sentence" to which a court may sentence a defendant is the maximum sentence the court may impose solely on the basis of a prior conviction, facts reflected in the jury verdict, or facts admitted by the defendant. That is, the court may not enhance a defendant's sentence on the basis of judicial findings of fact other than notice of a prior conviction.  In *State v. Foster*, the Supreme Court of Ohio held that certain provisions of Ohio's sentencing statutes, including provisions regarding major drug offender specifications, required judicial fact-finding and, thus, violated *Blakely*. *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 494 (2006).

     Foster contends that the trial judge violated the Supreme Court's prohibition on increasing sentences by imposing a major drug offender sentencing enhancement on him and sentencing him to the statutory maximum even though he was a first time offender because the sentence was based upon judicially-determined facts.  In his third ground for relief, Foster asserts the converse, that the trial court did not make the findings required to sentence him to a term greater than the statutory maximum.  Contrary to Foster's arguments, however, the trial court neither made factual findings nor was required to make factual findings.  The trial court sentenced Foster to the agreed term set forth in the plea agreement, as was explained at the sentencing hearing:

| | |
|---|---|
| Counsel for Foster: | We would be withdrawing previous plea of not guilty to each of the three counts contained in the indictment, pleading guilty to the one count as contained in the indictment and count 2 as contained in the indictment, but with the amendment that the MDO specification shall be removed, understanding the prosecutor's going to make a recommendation for twelve years total cap.*** |
| The Court: | Mr. Foster, is that your understanding of the agreement? |
| Foster: | Yes. |

(Ex. 24 at p. 4)

The trial judge then sentenced Foster to the agreed term as stated in the plea agreement.  (*Id.* at p. 21-22; Ex. 3).

When a defendant pleads guilty, the state is free to seek judicial sentence enhancements so long as the defendant either consents to judicial fact-finding, or as Foster did, stipulates to the relevant facts. *See Apprendi*, 530 U.S. at 488, 120 S.Ct. 2348, 147 L.Ed.2d 435; *Blakely v. Washington*, 542 U.S. at 310, 124 S.Ct. at 2541. "[T]here are significant differences ... between a sentence which results from a [sentence-stipulated] plea agreement and other sentences that the court computes independently ..." *United States. v. Cieslowski*, 410 F.3d 353, 356 (7th Cir. 2005). "The Sixth Amendment does not apply to agreed-upon facts; it regulates the decisionmaker of disputed facts." *United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005), cert. denied, 546 U.S. 862, 126 S.Ct. 145, 163 L.Ed.2d 144 (2005).  Accordingly, "when the sentence the court imposes is legal under the governing statute and results from the defendant's exclusive agreement, it is not affected by the judge's perception" of sentencing rules. *Cieslowski*, 410 F.3d at 356.  "The Supreme Court of Ohio has held that when a trial court sentences a

defendant pursuant to an agreed sentence, the sentencing judge need not independently justify the sentence by making factual findings." *Carley v. Hudson*, 563 F.Supp.2d 760, 777-78 (N.D. Ohio 2008), citing *State v. Porterfield*, 106 Ohio St.3d 5, 829 N.E.2d 690 (2005). As a court in this district has explained:

> *Blakely* applies where a judge makes findings of fact statutorily required for the imposition of the sentence. Because there is no requirement that findings be made by a court when sentencing a defendant pursuant to an agreed sentence, *Blakely* is inapplicable. As Carley was sentenced pursuant to the agreed sentence, his *Blakely* claim is without merit.

*Carley* at 777-78. In *Carley*, the court held that *Blakely* did not apply to Carley's sentence even though the trial judge made factual findings to support the sentence. The court held that because the trial judge was not required to make factual findings under Ohio sentencing laws when the sentence was agreed to and the validity of Carley's sentence was not dependent on those findings. *Id.* at 778. *See also Gaskins v. Warden, Lebanon Corr. Instit.*, No. 1:07cv790, 2008 WL 5521362, **8-9 (S.D. Ohio Oct. 29, 2008) ("Petitioner's sentence was based on the facts he admitted and the sentence he stipulated to, and not on any facts found solely by the trial court. The trial judge's sentence arose directly from the plea agreement itself and not on any judicially-found facts. The trial court accepted the terms bargained for by the parties and, under these circumstances, petitioner's sentence did not violate the Sixth Amendment or *Blakely*."); *Rockwell v. Hudson*, No. 5:06cv391, 2007 WL 892985, *7 (state court decision regarding sentencing not contrary to clearly established federal law or an unreasonable application of federal law where "trial court did not base the sentence on factual findings, but rather accepted

and imposed the jointly recommended sentence which was presented by the parties"); *Johnson v. Moore*, 2008 WL 696810, *4; *Green v. Beightler*, No. 1:06cv1238, 2007 WL 2381983, *6 (N.D.Ohio Aug. 17, 2007) (*Blakley*, *Apprendi*, and *Foster* do not apply where trial court sentenced petitioner pursuant to an agreed recommended sentence; sentencing judge did not make additional judicial findings). There was no judicial fact-finding here. Consequently, Foster cannot establish prejudice under *Blakely* stemming from the denial of his motion for leave to file a delayed appeal with the Ohio Supreme Court.

Finally, Foster obviously cannot claim fundamental miscarriage of justice which resulted in the conviction of an actual innocent. See *Schlup v. Delo*, 513 U.S. 298, 320-322, 115 S.Ct. 851, 863, 130 L.Ed.2d 808 (1995); *Edwards v. Carpenter*, 529 U.S. 446, 451-52, 102 S.Ct.1587, 1590-92, 146 L.Ed2d 518 (2000); *House v. Bell*, 547 U.S. 518, 521-522, 536-37, 126 S.Ct. 2064, 2068, 2076, 165 L.Ed.1 (2006). He pleaded guilty, admitted his crimes in open court and he has not attempted to argue actual innocence.

### *Conclusion and Recommendation*

Federal review of this petition is foreclosed by the procedural bar announced in *Bonilla v. Hurley* as a result of the Ohio Supreme Court's denial of Foster's motion for leave to pursue a delayed appeal. Foster did not demonstrate prejudice to excuse the procedural default or establish actual innocence. Accordingly, petitioner has not demonstrated that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to or involved an unreasonable application of Federal law as determined by the Supreme Court of the

United States or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  There has been no demonstrated need for an evidentiary hearing.  It is recommended that this application for habeas corpus be denied.


                                                                           s/James S. Gallas  
                                                      United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).


Dated: April 30, 2009